IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| STARLA K. TINDALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. C04-2063 |
| vs. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Application for Judicial Review of a final decision of the Commissioner of Social Security. Briefing concluded on March 21, 2005. Affirmed.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits. The court has jurisdiction pursuant to 42 USC§405(g).

Claiming an onset date of January 1, 1998, plaintiff alleges disability due to impairments including severe anxiety, depression, migraine headaches, pain and fibromyalgia. She contends that the Commissioner failed to afford adequate weight to the opinion of her treating physician, failed to properly evaluate her subjective impairments, and relied upon an improper hypothetical question posed to a vocational expert. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record as a whole, it is the court's view that the Administrative Law Judge (ALJ) permissibly considered and relied upon evaluations that indicated plaintiff exaggerated symptoms, noted by psychologists Dr. Ascheman (T. 118) and Dr. Johnson (T. 356-357). To the extent there were conflicts in the views of Dr. Aschemen, Dr. Johnson, and social worker James Cline, it is the court's view that the ALJ permissibly exercised discretion to resolve those conflicts for the reasons set forth in his decision. Additionally, upon review of the record, the court finds that the ALJ permissibly discounted the credibility of plaintiff's subjective complaints for the reasons set forth in his decision. Finally, it is the court's view that the hypothetical question posed to the vocational expert properly incorporated those limitations permissibly found by the ALJ. Accordingly, and without minimizing the seriousness of plaintiff's condition and limitations, the court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

May 23, 2005.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT